Balcom, J.
The general rule is- that in penal actions and in actions of libel and slander, and in some other actions of tort where the plaintiff has not sustained more than nominal damages, .and he seeks to re- % cover punitory damages, a verdict for the defendant will not be set aside on the ground that it is against the evidence. But there are some exceptions to this general' rule. No decision or elementary work has been cited to show that this general rule is applicable to an action for assault and battery. But I see no . reason why it should not be adopted in such an action, unless the plaintiff is not blamable in the case, or has *295 been considerably injured or grossly insulted by the assault and battery.
The plaintiff and others went into the defendant’s saloon in the evening of July 24, 1873, where they drank strong beer; and the plaintiff was, when he went there and became while he was there, somewhat excited by liquor, and he danced some and made some noise in the saloon. The defendant requested him tó desist and leave his, defendant’s, saloon. The plaintiff’s evidence was that before he had time to leave the saloon the defendant assaulted him and- struck him three times on his arm and-head, with a hard stick nearly as large as his wrist and about one foot and a half long. That one of the blows cut a hole through the skin on his head, which bled and injured him so much that he was obliged to employ a person a short' time the next day to help him take care of a stage team he was driving as the servant of another. But the plaintiff did not lose any time out of' his employment by reason of the assault and battery. The plaintiff’s evidence as to the transaction in the saloon, and receiving a cut on his head with a stick of hard wood was partially cor-’ robora ted by two other witnesses called by him. The plaintiff also proved that 'the defendant procured a friend to complain of him, and have him arrested and taken before a justice of the peace for the assault, and battery in question, where the defendant pleaded guilty of such assault and battery, and was fined therefor five dollars by the justice ; which the defendant paid.
The defendant testified that the plaintiff became noisy in his, defendant’s, saloon, that he requested him to desist or leave the saloon, when the plaintiff made some threatening motions towards him with his fists—refused to leave the saloon—called defendant a son of a b—h and used other abusive or insulting language towards Mm. That he, defendant, struck *296 plaintiff once or twice with a stick which had been the butt end of a billiard cue—that the stick was ash timber —about an inch in diameter and from twelve to eighteen inches in length ; that plaintiff resisted somewhat in being put out of the saloon ; and that he, defendant, put him out. The defendant was corroborated in some of his evidence by a witness called by him.
The plaintiff admitted he called defendant a son of a b—h, but testified that he did so after the defendant had used some harsh or insulting or abusive words towards him.
The foregoing is the substance or meaning of the evidence in the case. But my inference from the evidence is that the strong beer the plaintiff drank in the defendant’s saloon considerably increased his intoxication ; but he was not so much under the influence of liquor that he could not walk.
If the plaintiff had been much injured or had not used insulting or abusive language towards the defendant, I should not hesitate to set aside the verdict of the jury on the ground that it is against the evidence. But by reason of the small injury the plaintiff sustained and his partial intoxication when he went into defendant’s saloon, and the noise he made and the insulting and abusive language he used towards the defendant in his saloon, and defendant’s evidence as to threatening language of the plaintiff, and his raising and shaking his fists towards him, and defendant requesting him to stop his noise and leave the saloon before he struck him, I am of- the opinion it is a proper exercise of my discretion to refuse to set aside the verdict of the jury in the action.
Plaintiff’s motion for a new trial is therefore denied.